TATE, Judge.
The plaintiff policyholder brought suit and obtained judgment for $779.12 under the medical payments coverage of a liability policy. The insurer appeals. The sole issue is whether a policy exclusion clause applies. The plaintiff answers the appeal, praying to be awarded statutory penalties for the defendant insurer’s allegedly arbitrary failure to pay the medical benefits.
*320 The policy was issued by the defendant insurer to cover operation of a passenger automobile owned by an outdoor advertising ■corporation. The plaintiff was the president and principal stockholder of this corporation. The corporation was the named insured.
The plaintiff was injured while using the insured automobile, thus incurring the medical expenses for which recovery is sought. The accident occurred during the course of the plaintiff's employment by his corporation, and he recovered workmen’s compensation benefits for such injuries.
The issue is whether his medical expenses .are excluded under a policy exclusion pertaining to the medical payments coverage, ■.sometimes applicable when bodily injury is sustained in the course of employment and for which workmen’s compensation benefits are payable.
The evidence shows that the insuring provisions of liability insurance contracts are contained in a standard four-page form (two long sheets folded in half) denoted as the “cover” of the policy. The complete policy issued to an insured is generally composed of (a) this “cover”, containing the general-form contract coverage provisions and exclusions, (b) a “daily” or fly sheet inserted within the cover, which includes information as to the named insured, the vehicle insured, the types and limits of coverage secured, and the premium, and (c) any riders or special endorsements modifying the cover or the daily.
In the present case, the plaintiff relies upon an exclusion clause contained in the cover (or body) of the policy issued to him. This clause provides that medical payments coverage is excluded, if resulting from bodily injuries covered by a workmen’s compensation law, (only) when sustained by “a person employed in the automobile business, if the accident arises out of the operation thereof * * * ” Tr. 14. (Since the accident happened while the plaintiff was engaged in the outdoor advertising business, it is conceded that his medical payments claim is not barred by this exclusion clause.)
The cover of the policy given to the plaintiff was labelled, "Family Combination Policy Provisions — Contract Section”. (Italics ours.) This policy form is not usually issued to corporations. Instead the usual policy form issued to such named insureds is a “combination automobile policy”, which excludes from medical payments coverage medical expenses resulting from bodily injury sustained in the course of employment. (In fact, although the copy of the policy given to the plaintiff by the local insurance agent was a family form containing the narrower exclusion, nevertheless the copy maintained in the records of the insurer’s general agent, and purporting to be a copy of the policy issued to the insured, was the corporation combination form. See D-l.)
Under the corporation “combination automobile policy” coverage, the plaintiff’s medical expenses here sought are excluded from coverage, because they were sustained during the course of the plaintiff’s employment by the named insured, his corporation.
Although the cover (body) of the family policy issued by the company’s local agent did in fact include the broader medical payments coverage upon which the plaintiff relies, the defendant’s able counsel contends that nevertheless the insurer’s liability should be based upon the narrower coverage of the “combination automobile policy” usually issued to corporations and which in fact the company’s home office thought had been issued to the plaintiff’s corporation by the local agent.
Principally, the company relies upon the following circumstance: On the reverse side of the “daily” (containing the name of the insured, the types of coverage, the premium, etc.), issued with the policy to the insured, was contained the full text of the ordinary “combination automobile” policy usually issued to corporations, including the *321 less favorable medical payments coverage. This text was on the reverse side of the daily.
If it be considered that an ambiguity is created by the conflict between the medical payments coverage respectively reflected by the cover and by the reverse side of the daily, the plaintiff offered the following un-contradicted testimony to explain same: He specifically requested the company’s local agent to have his corporation’s combination automobile liability policy provide medical payments coverage when he himself used the car on company business, since this was the sole use of the car — by him on company business. If the usual corporation policy exclusion applied, he would thus have received no coverage for the extra premium paid for medical payments coverage.
We find no merit in the defendant’s contention that it is not liable for medical payments because of the exclusion clause on the back of the daily attached to the cover of the policy issued to the plaintiff.
If the conflict between the provisions be regarded as creating an ambiguity, then under well settled jurisprudence the ambiguity must be resolved in favor of coverage and against the insurer which prepared and issued the contract. Likewise, if the printing on the reverse side of the daily be regarded as part of the contract, a provision more favorable to the policyholder printed in the ordinary text of the contract is usually regarded as applicable rather than a conflicting but more exclusionary provision less conspicuously placed on the policy. Couch on Insurance 2d Sections 15.84, 15.94.
The trial court correctly allowed the plaintiff recovery of the medical payments under the coverage in the policy actually issued to him by the defendant insurer.
II.
By answer to the appeal, the plaintiff contends that he is entitled to statutory penalties for the arbitrary failure of the insurer to pay benefits according to the plain terms of the body (cover) of the policy issued by it to the named insured.
Nevertheless, we do not think the trial court committed manifest error in denying penalties under the particular circumstances of the present case.
As indicated by the transcript herein, the company’s central records showed that the insured had been issued a combination automobile policy for his corporation, which did not cover liability for the present claim by the plaintiff. (However, the company’s local agent had issued to the plaintiff a policy which did cover such claim.)
So far as the record shows, this discrepancy was not specifically called to the attention of the defendant insurer until the day of the trial. At this time, the discrepancy was revealed by a comparison of the certified true copy of the policy reflected by the company’s central records, with the policy actually issued to the named insured by the local agent.
Under the peculiar circumstances of this litigation, we do not think the trial court committed manifest error in denying penalties on the ground that the defendant insurer had, in good faith and due to understandable error not called to its attention prior to the trial, defended the claim, based upon the provisions of the supposed true copy in its records of the insurance contract issued to the policyholder, when the insurer’s position was based upon not unreasonable grounds arising in a previously unlitigated area of the law.

Decree.

For the foregoing reasons, the judgment of the trial court is affirmed, at the cost of the defendant-appellant.
Affirmed.